AMENDED COMPLAINT 2:25-CV-186

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TENNESSEE

GREENEVILLE DIVISION

FILED
MAR 1 3 2026
Clerk, U. S. District Court
Eastern District of Tennessee
At Greeneville

Jason Scott Moore,

Plaintiff,

v.

City of Kingsport, Tennessee;

Detective Kevin Clare, in his individual capacity;

Officer Leonard (first name unknown), in his individual capacity;

Officer Austin Hammonds, in his individual capacity;

Officer Zach Calhoun, in his individual capacity;

John Doe Officers 1–2, in their individual capacities,

Defendants.

Civil Action No. 2:25-CV-186

AMENDED COMPLAINT

I. Jurisdiction

1. This action arises under the Constitution and laws of the United States, including 42 U.S.C. §1983.

2. This Court has jurisdiction under 28 U.S.C. §1331 and 28 U.S.C. §1343.
3. Venue is proper in the Eastern District of Tennessee because the events occurred in Kingsport, Tennessee.

II. Parties

4. Plaintiff Jason Scott Moore is a resident of Tennessee and a retired U.S. Army Military Police officer.
5. Defendant City of Kingsport, Tennessee is a municipal corporation responsible for the Kingsport Police Department.
6. Defendant Detective Kevin Clare was at all relevant times a detective with the Kingsport Police Department acting under color of state law.
7. Defendant Officer Leonard was at all relevant times a police officer with the Kingsport Police Department acting under color of state law.
8. Defendant Officer Austin Hammonds was a Kingsport police officer involved in the unlawful entry into Plaintiff's residence.
9. Defendant Officer Zach Calhoun was a Kingsport police officer involved in the unlawful entry into Plaintiff's residence.
10. John Doe 1-2 were additional Kingsport police officers involved in the unlawful entry into Plaintiff's residence.

III. Factual Allegations

11. On or about October 24, 2022, Plaintiff reported suspected child abuse involving his minor son.
12. Plaintiff reported the suspected abuse to authorities after being informed of concerning statements made by the child.
13. Plaintiff acted in good faith and provided truthful information to authorities.

14. At a later date, Defendant Detective Kevin Clare initiated a criminal charge against Plaintiff for "filing a false report."
15. Plaintiff maintains that the information he reported was truthful and provided in good faith.
16. On or about June 8, 2024, several officers from the Kingsport Police Department arrived at Plaintiff's residence to execute an arrest warrant.

17. Plaintiff was not present in the home at that time.

18. Despite Plaintiff's absence, multiple officers entered Plaintiff's residence without consent.

19. Officers remained inside the residence for several minutes.

20. During this time, officers disabled Plaintiff's Ring door camera.

21. The officers then left the residence.

22. On or about June 10, 2024, Plaintiff was arrested by Kingsport police officers.

23. During the arrest, Defendant Officer Leonard used physical force against Plaintiff.

24. Plaintiff did not resist arrest.

25. During the arrest, Plaintiff's wrist was broken and his left knee was hyperextended.

26. Plaintiff required medical treatment and underwent approximately six months of physical therapy through the Veterans Administration.

27. Plaintiff also required the use of a wrist brace.

IV. Claims for Relief

Count I – Unlawful Entry

28. Plaintiff incorporates the preceding paragraphs.

29. Defendants entered Plaintiff's home to execute an arrest warrant when Plaintiff was not present in the residence.

30. The officers lacked a reasonable basis to believe Plaintiff was inside the home at the time of entry.

31. Entering Plaintiff's home under those circumstances violated the Fourth Amendment protections recognized in Payton v. New York.

32. As a result, Plaintiff suffered damages.

Count II – Excessive Force

33. Plaintiff incorporates the preceding paragraphs.

34. During Plaintiff's arrest on June 10, 2024, Defendant Officer Leonard used force against Plaintiff.

35. Plaintiff did not resist arrest and did not pose a threat.

36. The force used resulted in a broken wrist and knee injury.

37. The force used was objectively unreasonable under the Fourth Amendment standard set forth in Graham v. Connor.

38. Plaintiff suffered physical injury, medical expenses, and pain and suffering.

Count III – Malicious Prosecution

39. Plaintiff incorporates the preceding paragraphs.

40. Defendant Detective Kevin Clare initiated criminal charges against Plaintiff for filing a false report.

41. The charge was initiated without probable cause.

42. The prosecution caused Plaintiff to suffer damages including legal expenses, emotional distress, and reputational harm.

43. Plaintiff reserves the right to further amend this claim upon the conclusion of the criminal case.

44. Plaintiff acknowledges that a criminal charge related to the allegations in this complaint remains pending in state court.

45. Plaintiff does not seek relief in this action that would invalidate or interfere with the ongoing criminal proceedings.

46. To the extent any claim for malicious prosecution or wrongful charge requires favorable termination of the criminal case, Plaintiff respectfully requests that the Court stay or hold such claims in abeyance until the criminal matter is resolved.

47. Plaintiff brings the remaining claims—including unlawful entry and excessive force—which are independent of the criminal charge and may proceed regardless of the outcome of the criminal proceedings.

V. Damages

Plaintiff requests:

compensatory damages

medical expenses

damages for pain and suffering

costs of litigation

any additional relief the Court deems appropriate.

VI. Jury Demand

Plaintiff demands a trial by jury.

Signature

Jason Scott Moore

*Plaintiff, Pro Se*

Jason Scott Moore

1012 Whippoorwill Lane

Kingsport, TN 37660

1 (423) 480-6750

*understandingapples@gmail.com*