IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TENNESSEE

Jason Scott Moore,

Plaintiff,

v. Case No. 2:25-CV-00186-DCLC-CRW

[Defendants]

PLAINTIFF'S OBJECTION TO DISMISSAL OF FOURTH AMENDMENT CLAIMS AND REQUEST FOR EQUITABLE TOLLING

Plaintiff Jason Scott Moore respectfully objects to the dismissal of his Fourth Amendment claims on statute of limitations grounds and requests that the Court apply equitable tolling or, alternatively, permit amendment of the complaint to more fully plead facts supporting tolling.

The Court's Recommended Ruling concluded that Plaintiff's unlawful entry and excessive force claims accrued more than one year before filing. Plaintiff respectfully submits that the unique and ongoing circumstances surrounding this matter justify equitable tolling and that dismissal at this stage would work a substantial injustice.

I. ONGOING CRIMINAL PROCEEDINGS AND INTERTWINED CLAIMS

At the time Plaintiff's federal complaint was filed, criminal proceedings arising from the same sequence of events remained pending against Plaintiff. The R&R itself acknowledges that Plaintiff's malicious prosecution claim had not yet accrued because the criminal case remained unresolved.

Plaintiff reasonably feared that aggressive litigation of constitutional claims against involved officers and agencies while criminal charges remained pending could prejudice his defense, expose litigation strategy, and create additional retaliation or adverse consequences. Plaintiff was therefore placed in the untenable position of either risking self-incrimination and prejudice in his criminal matter or delaying pursuit of his federal constitutional claims.

These circumstances constitute extraordinary conditions supporting equitable tolling.

## II. PLAINTIFF ACTIVELY PURSUED RELATED LEGAL REMEDIES

Plaintiff did not abandon or sleep on his rights. Rather, Plaintiff actively pursued related legal remedies in state court involving overlapping facts, parties, and allegations concerning governmental misconduct and failure to protect constitutional rights.

Specifically, Plaintiff initiated civil litigation against Kingsport City Schools and related defendants arising from the same broader course of conduct described in the federal complaint. That matter is currently proceeding and is set for default-related proceedings.

This demonstrates diligence rather than neglect and weighs in favor of tolling.

## III. CONTINUING RETALIATORY CONDUCT

The R&R itself acknowledged allegations of continued governmental conduct extending into late 2025, including increased police presence and actions Plaintiff reasonably perceived as retaliatory following his protected

complaints and demand letters. Plaintiff respectfully submits these allegations support his contention that the underlying controversy remained active and ongoing rather than isolated to a single completed event in June 2024.

## IV. EQUITABLE CONSIDERATIONS FAVOR ADJUDICATION ON THE MERITS

Plaintiff is proceeding pro se while simultaneously defending against ongoing criminal allegations arising from the same factual circumstances. Plaintiff has consistently attempted to pursue remedies through available legal channels and has repeatedly sought records, accountability, and judicial review.

The extraordinary overlap between:

ongoing criminal proceedings,

unresolved malicious prosecution issues,

continuing alleged retaliation,

related state-court litigation,

and Plaintiff's pro se status

present compelling equitable considerations warranting tolling sufficient to allow adjudication of Plaintiff's constitutional claims on their merits.

## V. ALTERNATIVE REQUEST FOR LEAVE TO AMEND

Alternatively, should the Court determine that the present complaint insufficiently pleads facts supporting equitable tolling, Plaintiff respectfully requests leave to amend his complaint to provide additional factual allegations regarding:

ongoing criminal proceedings,

continuing retaliation,

related state-court litigation,

delayed access to records,

and other equitable circumstances relevant to tolling.

Federal courts generally favor resolving matters on their merits, particularly where amendment may cure pleading deficiencies.

WHEREFORE, Plaintiff respectfully requests that the Court:

Decline to dismiss Plaintiff's Fourth Amendment claims on statute of limitations grounds;

Apply equitable tolling under the extraordinary circumstances presented;

Alternatively permit Plaintiff leave to amend the complaint;

And grant such other relief as the Court deems proper.

Respectfully submitted,

Jason Scott Moore

(423)480-6750

1012 Whippoorwill Ln

Kingsport TN 37660